# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GEORGE LUSTER,

    *Plaintiff*,

vs.

DWIGHT NEVEN, *et al.*

    *Defendants*.

2:10-cv-01661-GMN-PAL

ORDER

This removed *pro se* prisoner civil rights action by an inmate in the custody of the Nevada Department of Corrections ("NDOC") comes before the Court for initial review of the complaint (#1-2) under 28 U.S.C. § 1915A as well as on defendants' motion (#4) for an extension of time to respond to the complaint. The motion for an extension will be granted up to and including forty-five (45) days following an order directing a response following screening. The Court accordingly turns to initial review.

When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations in the complaint are accepted as true for purposes of initial review and are to be construed in the light most favorable to the plaintiff. *See, e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the

complaint. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949-51 & 1954, 173 L.Ed.2d 868 (2009). That is, bare and conclusory assertions that constitute merely formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement are not accepted as true and do not state a claim for relief. *Id.*

Further, the factual allegations must state a plausible claim for relief, meaning that the well-pleaded facts must permit the court to infer more than the mere possibility of misconduct:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).
>
> . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 129 S.Ct. at 1949-50.

Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).

In the present case, plaintiff George Luster seeks monetary and/or injunctive relief following upon the alleged unauthorized withholding, loss and/or destruction of some of his legal papers after he was transferred from one institution to another. He seeks to proceed against, in their official and individual capacities, High Desert State Prison ("High Desert") officials or officers Warden Dwight Neven, Property Sergeant Jeremy Bean, and Property Senior Correctional Officer Kim, as well as against the State of Nevada and NDOC. He alleges that the property has been withheld, destroyed and/or lost in violation of due process of law, equal protection of the laws, and his First Amendment right to access to the courts.

He further presents pendent state law claims under Nevada state law. He seeks injunctive relief from all five defendants in their official capacity directing the return of his papers, or, if the papers have been lost or destroyed, monetary relief from the three High Desert defendants in their individual capacity.

The complaint explicitly invokes both federal and state law, and the case clearly was removable based upon federal question jurisdiction. The complaint fails to state a claim upon which relief may be granted, however, on the federal law claims.[1]

First, plaintiff has no due process claim based upon the alleged loss or destruction of the property, due to the availability of an adequate state post-deprivation remedy for the loss. *See Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); N.R.S. 73.010; N.R.S. 41.031; N.R.S. 209.243.

Second, the conclusory allegations of the complaint do not state a claim for relief under the First Amendment for denial of access to the courts. In order to present a viable First Amendment claim, for either monetary or injunctive relief, plaintiff must present factual allegations that would show actual injury to his ability to present a claim to the courts.

---

[1] The Court expresses no opinion at this juncture as to the pendent state law claims.

The Court notes that, by removing the case, the removing defendants waived the state sovereign immunity recognized by the Eleventh Amendment that otherwise would apply to all claims against the State and NDOC. *See, e.g., Lapides v. Board of Regents of University System of Georgia*, 535 U.S. 613, 122 S.Ct. 1640, 152 L.Ed.2d 806 (2002); *Embury v. King*, 361 F.3d 562 (9th Cir. 2004).

Plaintiff would not be able to proceed under 42 U.S.C. § 1983 against any of the defendants for monetary damages in their official capacity, as the defendants do not constitute "persons" subject to suit on such claims in that capacity for purposes of Section 1983. Plaintiff quite clearly, however, seeks only injunctive relief from the defendants in their official capacity. He seeks monetary damages only from the three official or officer defendants only in their individual capacity. See #1-2, at handwritten page 6.

The Court further does not address any possible statute of limitations issues at this juncture. The Court notes in this regard that, while the deprivation is alleged to have occurred as early as on or about June 24, 2008, plaintiff alleges that he was not informed until August 30, 2008, that the missing items would not be forwarded to him in connection with the transfer. See #1-2, at handwritten page 9. According to the notice of removal, the state action was commenced on June 30, 2010, and service was effected on the three High Desert defendants on August 26, 2010, on NDOC on August 26, 2010, and on the State on August 31, 2010.

1 *See, e.g., Lewis v. Casey*, 518 U.S. 343, 351-52, 116 S.Ct. 2174, 2180, 135 L.Ed.2d 606 (1996). Plaintiff alleges only that the withholding, loss and/or destruction of the papers has hindered or prevented him from seeking redress in two actions in this Court, to wit, the civil rights matter in No. 2:04-cv-00281-LRH-LRL and the habeas matter in 2:04-cv-00334-RLH-RJJ. He alleges no actual factual specifics that would tend to demonstrate actual injury in either action. The Court takes judicial notice that proceedings in No. 2:04-cv-00281 have been ongoing since the time of the alleged deprivation of his papers. The habeas action, No. 2:04-cv-00334, while currently stayed for exhaustion, has not been dismissed. Moreover, plaintiff is represented by counsel in the habeas matter.

Third, the complaint plainly fails to state an equal protection claim. Merely because an individual allegedly is treated dissimilarly from other persons in some respect by a state actor does not give rise to a violation of the Equal Protection Clause.

Even if the complaint, *arguendo*, otherwise stated a viable federal claim, the complaint in any event fails to state a claim against defendants Neven and Bean in their individual capacity. A supervisory official may not be held liable under Section 1983 in his individual capacity based solely upon his supervisory responsibility. He may be held liable only if he was personally involved in the constitutional deprivation or a sufficient causal connection existed between his unlawful conduct and the constitutional violation. *See, e.g., Jackson v. City of Bremerton*, 268 F.3d 646, 653 (9th Cir. 2001). He cannot be held liable based solely upon an allegation that he is responsible for supervising others. The complaint contains no nonconclusory actual allegations of fact regarding either any personal involvement by Neven or Bean or any causal connection to unlawful conduct on their part.

Further, plaintiff may not recover under 42 U.S.C. § 1983 for claims based on allegations that the defendants were negligent and/or based upon only constructive knowledge (*i.e.*, alleging that the defendant "should have known" a particular fact). Where a government official's act causing injury to life, liberty or property is merely negligent, the plaintiff's remedies, if any, do not flow from the United States Constitution. *See, e.g., Daniels v. Williams*, 474 U.S. 327, 333, 106 S.Ct. 662, 666, 88 L.Ed.2d 662 (1986).

1    Moreover, under 42 U.S.C. § 1997e(e), plaintiff may not recover damages for pain and
2 suffering or mental and emotional anguish on his federal law claims because he did not
3 sustain physical injury. *E.g., Oliver v. Keller*, 289 F.3d 623, 629-30 (9th Cir. 2002).

4    All federal claims in the complaint accordingly will be dismissed for failure to state a
5 claim, subject to leave to amend.

6    If plaintiff files an amended complaint, he must include all material allegations within
7 the body of the complaint itself. In federal court, he may not do as he did in his state papers
8 and attach a sworn declaration with the complaint setting forth his allegations. All allegations
9 must be presented within the body of the complaint itself.

10    IT THEREFORE IS ORDERED that all federal law claims in the complaint are
11 DISMISSED without prejudice for failure to state a claim, subject to leave to amend within
12 thirty (30) days of entry of this order. The dismissal does not effect the pendent state law
13 claims.

14    IT FURTHER IS ORDERED that, on any such amended complaint filed, plaintiff shall
15 clearly title the amended complaint as an amended complaint by placing the word
16 "AMENDED" immediately above "Civil Rights Complaint" on page 1 in the caption and shall
17 place the docket number, 2:10-cv-01661-GMN-PAL, above the word "AMENDED" in the
18 space for "Case No." Under Local Rule LR 15-1 any amended complaint filed must be
19 complete in itself without reference to prior filings. Thus, any allegations, parties, or requests
20 for relief from prior papers that are not carried forward in the amended complaint no longer
21 will be before the Court.

22    IT FURTHER IS ORDERED that defendants' motion (#4) for an extension of time to
23 respond to the complaint is GRANTED, such that their response time is extended up to and
24 including forty-five (45) days following an order directing a response following screening.

25    The Clerk shall provide plaintiff with a copy of the complaint (#1-2) together with two
26 copies of a § 1983 complaint form and one copy of the instructions for same.

27    If an amended complaint is filed in response to this order, the Court will screen the
28 amended pleading before ordering any further action in this case.

1    If plaintiff does not timely mail an amended complaint to the Clerk for filing, only the
2 pendent state law claims will be before the Court, for whatever action then is appropriate as
3 to the state law claims in this removed case.[2]
4    DATED this 16th day of December, 2010.
5
6    _____
7    Gloria M. Navarro
     United States District Judge
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27 _____
28   [2]Any state or federal claim for injunctive relief for a return of the papers of course would be moot if the papers were not retained and instead were lost or destroyed.

-6-