# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GEORGE LUSTER,

    *Plaintiff*,

vs.

DWIGHT NEVEN, *et al.*

    *Defendants*.

2:10-cv-01661-GMN-PAL

ORDER

    This removed *pro se* prisoner civil rights action by an inmate in the custody of the Nevada Department of Corrections ("NDOC") comes before the Court on plaintiff's motion (#11) for an extension of time to file an amended complaint. Defendants have filed an opposition to the motion for extension.

    The Court's prior screening order dismissed the federal claims in the complaint subject to leave to amend within thirty days of entry of the order. The order was entered on December 17, 2010. Plaintiff's motion for an extension is dated January 18, 2011, and the motion was filed by the Clerk on January 20, 2011. Plaintiff seeks an extension of forty-five days to file an amended complaint. Plaintiff seeks the extra time because he has only limited access to the prison law library, and he has had less access over the recent holiday season. He wishes to conduct legal research in connection with preparing an amended complaint.

    The Court notes that plaintiff's motion is written on the plain back of pages photocopied from a Nevada statutes volume, consistent with the limited resources available generally to an incarcerated inmate in pursuing litigation.

Defendants appear to oppose the extension motion first on the basis that it is untimely. Defendants posit that the amended complaint was due on January 18, 2011, but the extension motion was not filed by the Clerk until January 20, 2011.

Under the prison mailbox rule, however, a prisoner's filings are deemed constructively filed when they are turned over to prison authorities for mailing rather than when they are filed by the Clerk. *See,e.g., Washington v. Duncan*, 2009 WL 4884381 (9th Cir., Nov. 17, 2009)(collecting prior published authority); *Ranier v. Chapman*, 2007 WL 2409556 (9th Cir., Aug. 22, 2007)(application to a dismissal following a failure to amend). The date that the motion was filed by the Clerk thus is not the determinative date.

Indeed, the terms of this Court's order expressly took the effect of the prison mailbox rule into account. The last paragraph of the order states the action that would be taken "[i]f plaintiff does not timely *mail* an amended complaint to the Clerk for filing." #9, at 6 (emphasis added). A premise that the date of filing by the Clerk was determinative is contrary to both established law and the express terms of this Court's order.

The Court in any event would grant the extension motion even if it were submitted, *arguendo*, a day or two after the expiration of the deadline. Pursuant to Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure, the Court often grants out-of-time extension requests to parties represented by counsel in situations where counsel has failed to timely seek an extension through inadvertence or excusable neglect given the demands of litigation. Given that the Court regularly exercises such flexibility and restraint with regard to attorneys, it most assuredly will do so with a *pro se* litigant locked in a prison who sends and receives his legal mail only through prison authorities and who is writing his motion literally on the back of scrap paper.

Defendants further urge that plaintiff does not need access to the prison law library to prepare an amended complaint but instead need only sit in his cell and make purely factual allegations. Defendants maintain that the Court's screening order detailed the governing law and the deficiencies in the complaint. While this is true, the Court would not find it inconceivable that an attorney presented with an order identifying deficiencies in a complaint

1  and citing supporting case law reasonably might want to review the cited cases and related
2  cases in preparing an amended pleading.  The Court is not going to deny a lay prisoner with
3  limited resources less of an accommodation in this regard than it would an attorney litigating
4  cases with the full resources of a law office.  Plaintiff merely is seeking more time.

5      Counsel should assume in future that the undersigned will not be inclined to deny a
6  first extension request in circumstances similar to these.[1]

7      IT THEREFORE IS ORDERED that plaintiff's motion (#11) for an extension of time is
8  GRANTED, and the time for plaintiff to *mail* an amended complaint to the Clerk for filing is
9  extended up to and including forty-five (45) days after entry of this order.  As noted in the prior
10  order, if plaintiff does not timely mail an amended complaint to the Clerk for filing, only the
11  pendent state law claims will remain before the Court, for whatever action then is appropriate
12  as to the state law claims in this removed case.

13      DATED this 3rd day of February, 2011.

_____
Gloria M. Navarro
United States District Judge

---

[1] The Court similarly is not persuaded that it should deny the extension request because plaintiff did not comply with the requirements of Local Rule LR 6-1 by explicitly stating whether the request was the first or a later requested extension.  While *pro se* litigants must comply with court rules, the Court is charged with exercising its discretion in determining the consequences of, in particular, a lay litigant's failure to be aware of and comply with technical requirement of the rules – particularly where it is suggested that he should be expected to prepare filings from his cell with only limited law library access.  Here, it clearly would be an abuse of discretion to effectively foreclose plaintiff's potential pursuit of any federal claims herein for failure to explicitly identify his extension request as a "first" extension request.